UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY DOYLE YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1293 AGF |
| | ) |
| JEFF SESSIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF TRANSFER

On August 2, 2018, plaintiff Timothy Doyle Young, a federal inmate who is currently incarcerated at USP Florence ADMAX in Florence, Colorado, file a pro se civil rights complaint in this Court. For the reasons set forth below, the Court concludes this action should be transferred to the United States District Court for the District of Colorado.

The amended complaint[1], filed on August 31, 2018, names defendants Jeff Sessions, the Judicial Branch, the Department of Justice, the Judicial Conference Committee, and various doctors working at USP Florence ADMAX. The amended complaint, which is made up of over one-hundred and sixty-nine pages, alleges that defendants are placing his life in danger because he suffers from liver failure, by allowing federal judges in the District of Colorado to cover up constitutional and international human rights violations at USP Florence ADMAX.

Pursuant to 28 U.S.C. § 1391(b), venue over civil rights actions properly lies only in: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

---

[1]The amended complaint supersedes the original complaint in all aspects. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). None of the allegations in the amended complaint pertain to defendants in this District.

occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought. If venue does not properly lie in the District where the action is filed, the Court must either dismiss the action, or if it be in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

In the instant action, a substantial part of the conduct complained of occurred at USP Florence ADMAX in Florence, Colorado in the District of Colorado. Accordingly, pursuant to 28 U.S.C. § 1391(b)(2), venue for this action properly lies in the District of Colorado.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall transfer this case to the United States District Court for the District of Colorado. *See* 28 U.S.C. § 1406(a).

**IT IS FURTHER ORDERED** that all pending motions in this action shall be administratively terminated after transfer of this action.

Dated this 15th day of October, 2018.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE